EMILY PETERSON, Appellant, v. JAMES C. ARM-
STRONG, H. O. HARKNESS, and D. D. JONES,
Partners Doing Business Under the Firm Name and
Style of THE IDAHO LUMBER COMPANY, Re-
spondents.

No. 1323.   (66 Pac. 767.)

2.  **Partnership: Authority of Partners: Notice.**
    A partner, without special authority, has no power to bind the com-
    pany in any transaction outside of the apparent scope of the
    partnership business, and persons dealing with the partner are
    bound to take notice thereof.[1]

1, 3.  **Same: Liability of Partners: Ratification: Burden of
    Proof.**
    A partner of a firm engaged in lumbering, without the knowledge of
    the other partners, purchased certain residence property, which
    was situated remotely from the firm's place of business, and was
    never used for the firm's business. An agreement reciting the
    purchase price, stated that the property was purchased by an-
    other member of the firm, and such member, some days after he

[1]Guthiel v. Gilmer, 23 Utah 84, 63 Pac. 817; Cavanaugh v. Salisbury,
22 Utah 465; 63 Pac. 39.

Peterson v. Armstrong.

learned the property was deeded to him, conveyed it to the part-ner who purchased it. Such agreement was not executed in the name of the firm, or any member thereof, and the other partners did not know of its existence until after suit thereon. *Held*, insufficient to show that such partner had special authority to purchase the property, or a ratification by the other partners, so as to establish the firm's liability.

(Decided November 25, 1901.)

Appeal from the Second District Court, Weber County.— *Hon. H. H. Rolapp,* Judge.

Action to recover $419 alleged to be due as the balance of the purchase price of certain real estate. From a judg-ment in favor of the defendants, the plaintiff appealed.

AFFIRMED.

*A. J. Weber, Esq.,* and *Thos. Maloney, Esq.,* for appel-lant.

The ruling of the court on the demurrer is *res adjudicata* only as to the legal sufficiency of the complaint. Keater v. Hook, 16 Iowa 23.

Such a judgment is not upon the merits, within the meaning of the rule claimed by appellant. If authorities are wanting to sustain the proposition, they are found in the cases of: Gilman v. Rives, 10 Pet. 298; Lanfen v. Kedgenise, 1 Mod. 207; Stevens v. Dunbar, 1 Black 56; Sherry v. Forse-nian, 1 Ind. 56; Kendal v. Talbot, 1 Marsh 321; 1 Chitty's Pl. (7 Am. Ed.), 288; Delaney v. Reade, 4 Iowa 292.

"If a suit is disposed of upon any ground which does not go to the merits of the action, the judgment rendered will prove no bar to another suit. Hughes v. U. S., 4 Wall. 232; Jordan v. Siefert, 18 L. Ed. 303; Gould v. Bk. Co., 126

24 Utah—7

Mass. 25; Verhein v. Schultz, 91 U. S. 526; Detroit v. Hough-ton, 57 Mo. 326; 42 Mich. 459; 4 N. W. 171, 287; Rogers v. Higgins, 57 Ill. 244.

It will doubtless be insisted that this court can not review the findings. This rule does not obtain where there is no testimony whatever to support the findings. Nor does it prevail where the findings attacked are not within any issue made by the pleadings.

This court has held that where the findings of facts on a material issue are clearly in contravention of the preponderance of evidence and so manifestly erroneous as to amount to an oversight or inadvertence on the part of the court, the facts so found and the decree entered therein may be modified by the Supreme Court so as to conform to the weight of evidence. Salt Lake City v. Colledge, 13 Utah 522; Wickliffe v. Owings, 17 How. 47-53; Elizabeth v. Am. N. Pavement Co., 97 U. S. 646.

*Herbert R. Macmillan, Esq.,* for respondent Armstrong.

It is incumbent upon the plaintiff to prove that this property was purchased for the Idaho Lumber Company and that Jones had special authority to bind the firm. For the company was engaged in the lumber business and not in the real estate business. Guthiel v. Gilmer, 23 Utah 84, 63 Pac. 817; Cavanaugh v. Sailsbury, 22 Utah 465; 63 Pac. 39.

The plaintiff failed to in any manner connect Armstrong with the transaction or show authority for transacting the business in his name and can not therefore hold him. Haynes v. Tacoma Ry. Co., 34 Pac. 932; York v. Fortinberg, 25 Pac. 163; Miller v. Hallock, 13 Pac. 541.

The findings of fact of the court will not be set aside if there is any evidence to support them. Klopenstine v. Hayes, 20 Utah 45; Stevens v. Imp. Co. 20 Utah 267; McKay v.

Farr, 15 Utah 261; Henderson v. Adams, 15 Utah 30; Watson v. Mayberry, 15 Utah 265.

In an equity cause, if the decree is supported by the evidence, but the findings are not, the decree will not be reversed if it is the one that should be made on the evidence as a whole. Maxfield v. West, 6 Utah 379; Fisk v. Patton, 7 Utah 399.

Where an equity case is tried by the court and the record contains evidence justifying the decree, no errors in admitting or rejecting testimony will be considered on appeal. Rogers v. Cook, 8 Utah 123; S. L. F. & M. Co. v. Mammoth, 6 Utah 351.

And the same is true in a case at law, tried without a jury. Victoria M. Co. v. Haws, 7 Utah 515; 160 U. S. 303.

*Abbot R. Heywood, Esq.,* and *Hugh A. Tait, Esq.,* for respondent Harkness.

Respondent Harkness insists that at least as to him the former case is *res adjudicata,* for a "judgment on demurrer which goes to the merits of the action is a complete bar to another suit on the same cause of action." Messenger v. N. E. M. L. Ins. Co., 59 Fed. 416; Bouchaud v. Dias, 3 Denio 238; City of Los Angeles v. Mellus, 58 Cal. 16; Schroers v. Fisk (Colo.), 16 R. R. 285; Hardy v. Hardy, 31 Cal. 906; Carlin v. Brackett (Minn.), 37 N. W. 342; Lindley v. U. S. Mng. Co., 106 Fed. 468.

Apart from the question of *res adjudicata* raised in this action, it is apparent that the real ground upon which the plaintiff seeks to recover from the answering defendants in this case is, that the whole transaction was a partnership transaction by which Jones, the managing partner, could cause the other partners to be bound. Even treating this claim as a balance due upon the purchase price of the property from which the partnership received benefit, yet we must start with the general proposition that a partnership is not bound by any

purchase, whether made individually or in the name of the firm, if the purchase is outside of the actual and apparent scope of the partnership business.    Irwin v. Williar, 110 U. S. 499.

Consent to an unauthorized act of a partner is not to be presumed upon slight and unconclusive circumstances.    Wilson v. Williams, 28 Am. Dec. 518.

The burden of proof to establish such assent or authority rests with the party alleging it.    Corwin v. Suydam, 24 Ohio St. 209 ; Fordice v. Scribner, 108 Ind. 85.

BARTCH, J.—This action was brought to recover $419, alleged to be due as the balance of the purchase price of certain real estate.    It is alleged in the complaint and admitted in the several answers that on May 1, 1893, and until January 1, 1894, the defendants were partners doing business under the firm name and style of Idaho Lumber Company.    It is shown in evidence that during such time the firm was engaged in the business of dealing in lumber, and that defendant Jones was the managing partner.    The record shows that there were two actions brought previous to this one to recover the same sum sued for herein.    The instrument upon which these suits were based was set forth verbatim in the complaint in this case, and reads as follows:    "Ogden City, Utah, May 22, 1893.    James C. Armstrong has this day purchased of Emily Ashby 3.4 front by 26.66 rods deep, in lot 6, block 10, South Ogden Survey, Ogden, Weber county, Utah, and has paid in full, except $450, and there is now pending a suit against said Emily Ashby.    Now, it is understood and agreed that said sum of $450 shall be retained by said Armstrong as a security on the warranty in conveyance to him by her until such time as it becomes finally determined that said land and property shall not be holden on account of any lien or trust thereon, or claim or judgment against said Emily Ashby.    At once, however, on such determination in her favor, said sum of

$450 shall become due and payable. This agreement shall be deposited and remain in Commercial National Bank. Emily Ashby. Emily Peterson." It will be noticed this agreement is executed only by the plaintiff, and not in the name of the firm, nor by any member thereof. It appears in evidence, however, that defendant Jones made the purchase without the knowledge or consent of either of the other partners, and had the agreement made and the deed executed in Armstrong's name, and that neither of the papers were delivered to Armstrong. The real estate conveyed was residence property, and, it seems, was situated remotely from the place where the business of the firm was conducted, and was never used for the purpose of that business. The agreement, over which this controversy arose was left at the Commercial National Bank, of which Armstrong was president, but he never saw it until at the trial of one of the suits. Respecting these matters and the transaction between the plaintiff and Jones, Armstrong testified, in substance, that he never had the property, and never saw the deed; that within a few days after he learned the property was deeded to him he conveyed it to Jones; that he never collected rents nor paid taxes on it, and did not know what was paid for it, nor how he came to get it; that Mr. Jones informed him that the property was paid for; that he was president of the bank, but knew nothing about that paper—the agreement sued on—and never saw it "until this morning;" that some time after the transaction Jones told him about it; that, as he understood it, the property was purchased by or for the Idaho Lumber Company; that it was in his name but a short time; that, according to his recollection, Jones told him that he bought it individually, and put it in witness's name; that witness thought the property was situated in South Ogden, but he knew nothing of, and made no inquiry about, the purchase price; that the partnership was engaged in the lumber business, but bought what real property was necessary for business purposes; that he had nothing whatever to do with that transac-

tion, and did not know who paid for the property in question, but he supposed Jones did; that he got nothing for deeding the property to Jones, and had given nothing for it; and that he gave it back to the man who bought it in witness's name. The witness, Heywood, respecting the time and sale and the making of the instrument sued on, testified that neither Mr. Armstrong nor Mr. Harkness were there; that he never had any conversation with either of them about the matter until long after one of the suits, and that he was acting as attorney for Jones. The plaintiff testified, "I never talked with Armstrong or Harkness about that." Defendant Harkness, sworn as a witness, said: "I first discovered this memorandum [the instrument sued on] long after D. D. Jones left this country. I didn't know it was in existence. When I was sued, that paper turned up. I had never seen it, and never had any knowledge of it whatever." The witness also stated that he never authorized it. It further appears that the purchase price for the property was $3,000, and that in payment of this Jones paid off a certain mortgage, and cancelled a debt due the firm from the plaintiff, which left a balance of $450, the amount set forth in the said instrument. Of that sum $31 was afterwards paid, leaving $419 as a balance unpaid. Further reference in detail to the testimony would seem unnecessary. The decisive question is, can, under such evidence, either of the defendants Armstrong and Harkness be held liable on the contract on which this suit was founded? We think not. It is very clear that the nature and character of the lumber business was such that, in the absence of affirmative proof, it can not be assumed that dealing in real estate was within the scope of the partnership. The law is well settled that a partner without special authority, has no power to bind the firm in any transaction which is without the ordinary or apparent scope of the partnership business. Of this the plaintiff was bound to take notice, and, having entered into a transaction with one partner, which was not, as clearly

appears from both the pleadings and proof, within such scope, and having brought this suit to establish liability on the part of the other partners, the burden was upon her to show either that the contracting partner had special authority, or that the transaction was afterwards ratified by the other partners whom she seeks to hold liable. We are of the opinion that the proof disclosed by the record is wholly inadequate to show either special authority or ratification. The question here presented was discussed by this court with considerable care in the case of Guthiel v. Gilmer, 23 Utah 84, 63 Pac. 817, and upon the authority of that case the judgment herein must be affirmed. See, also, Cavanaugh v. Salisbury, 22 Utah 465, 63 Pac. 39. Having come to this conclusion, a discussion of the other points presented would be unimportant. We find no reversible error in the record.

The judgment is affirmed, with costs.

MINER, C. J., and BASKIN, J., concur.